# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| ROCKWELL COLLINS, INC, | )<br>) |
| Plaintiff, | )  No. 14 cv 118 EJM |
| vs. | )<br>)  ORDER |
| NATIONAL INDEMNITY COMPANY, et al., | )<br>)<br>) |
| Defendants. | )<br>) |

This matter is before the court on (1) plaintiff's unresisted Motion to Take Judicial Notice, filed January 8, 2015, (2) plaintiff's resisted Motion to Enjoin defendant Continental Insurance Company (Continental) from Proceeding with Later-Filed Action, filed January 8, 2015, and (3) defendant Continental's resisted Motion to Dismiss, Stay or Transfer, filed January 27, 2015. Plaintiff's Motion to Take Judicial Notice granted. Plaintiff's Motion to Enjoin denied. Defendant Continental's Motion to Dismiss, Stay or Transfer granted. Transferred to the Northern District of Texas.

Plaintiff Rockwell Collins Inc. (Rockwell) originally brought this action against only defendant National Indemnity Company (NICO) on November 6, 2014, seeking declaratory judgment that certain insurance policies issued to it by Continental, and/or Continental's predecessor, and re-insured by NICO, covered plaintiff concerning certain environmental liabilities arising from land in Texas. Jurisdiction lies under 28 U.S.C. §1332 since the parties' citizenship is diverse and the amount in controversy exceeds the statutory minimum.

Approximately one month after plaintiff filed its complaint against NICO, Continental filed a parallel action in the Northern District of Texas, Continental Ins. Co. v.

Rockwell Collins, Inc., Civ. No. 3:14-cv-04286-1 (Texas action.) Plaintiff then on December 19, 2014, amended its complaint in this court to add Continental as a second defendant.

Plaintiff's unresisted motion for this court to take judicial notice of three out of state court records relevant to this case is granted. Fed.R.Evidence 201.

Plaintiff's motion to enjoin Continental from proceeding in Texas and defendant Continental's motion to dismiss, stay or transfer are mirror images of each other and present the single question of whether this case should proceed in this court or in Texas. Plaintiff asserts a rigid application of the First-To-File Rule, arguing that (1) it was first to file, and (2) that that fact should control where this case proceeds.

The First-To-File rule states that the first filed suit should have presumptive preference over a competing parallel action absent compelling circumstances or superior convenience favoring the second forum. Northwest Airlines v. American Airlines, 989 F.2d 1002, 1005 (8th Cir. 1993.) It is to be applied in a manner best serving the interests of justice. Orthmann v. Apple River Campgrove, 765 F.2d 119, 121 (8th Cir. 1984.)

It is unclear which action constitutes the first filed action. Rockwell filed a complaint against NICO in this court first, but that complaint did not include Continental until after Continental had filed its action in Texas. The current amended complaint in force in this court was filed after the Texas action. In such cases, it is unclear how the rule applies. NIC Insurance Co. v. Simon Galasso & Frantz, PLC, 2007 WL 627879 (E.D. Mich. Feb. 26, 2007)(amendment to add a party changed the chronology for first to file purposes.) Hair-splitting arguments on who filed first must give way to more substantive arguments

concerning the interests of justice. Northwest Airlines, supra; Med-Tec Iowa, Inc. v. Nomos Corp., 76 F.Supp.2d 962 (N.D. Iowa 1999.)

The contaminated property for which plaintiff seeks coverage is in Texas. Amended Complaint, para. 7-19. All the relevant insurance policies were issued in Texas. Amended Complaint, para. 7-19. Rockwell's successor was doing business in Texas. Id. The insurance policies do not contain a provision of governing law, so Texas law will apply. Weitz Co., LLC v. Travelers Cas., 266 F.Supp.2d 984 (S.D. Iowa 2003.) These factors heavily support the case proceeding in Texas.

On the other hand, there is little to tie this case to Iowa. Rockwell is headquartered in Iowa, but that is it. That is not enough to outweigh the factors that favor proceeding in Texas. Canal Ins. V. Stahl, No. CV09-1035, 2010 WL 2293378 (N.D. Iowa June 7, 2010.)

If the plaintiff's claims against Continental should be transferred to Texas, federal policy of trying all claims arising from the same set of facts together, avoiding inconsistent results and conservation of judicial resources all favor this case being transferred as a whole to Texas. Fed.R.Civ.Pro. 13, 18 and 19.

It is therefore

ORDERED

Plaintiff's Motion to Take Judicial Notice granted. Plaintiff's Motion to Enjoin denied. Defendant Continental's motion to dismiss, stay or transfer granted. Transferred to the Northern District of Texas.

March 23, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT